UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY ARTHUR BERRY,

                Plaintiff,                      Case Number 16-10395

v.                                          Honorable David M. Lawson

THOMAS L. LUDINGTON,

                Defendant.

_____/

## ORDER DENYING PAUPER APPLICATION AND DISMISSING COMPLAINT

During this past year, plaintiff Timothy Arthur Berry has filed at least four cases in this Court against judicial officers, complaining that they have ruled against him in pending litigation. All but one of those cases — the present action — have been dismissed because the defendant judges have enjoyed judicial immunity. In the present action, Berry has sued United States District Judge Thomas L. Ludington, alleging that Judge Ludington's dismissal of a previous case against another judicial officer violated Berry's rights under the Constitution. Along the way, Berry alleges that the doctrine of judicial immunity is a "fiction," and that Judge Ludington violated his oath to support the Constitution when he dismissed the earlier cases. Berry also asks this Court to grant him pauper status and waive filing fees.

The doctrine of judicial immunity is hardly a fiction, and it has been recognized by the Supreme Court for over a century. *See Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347 (1872). The doctrine has direct application to this case and bars the action against Judge Ludington. Therefore, because Berry's present complaint is frivolous, the Court will deny pauper status and dismiss the case on its own motion.

I.

It appears that Berry's troubles started in the Ottawa County, Michigan circuit court, when he received an unfavorable ruling in a domestic relations case from circuit court judge Jon A. Van Allsburg. Berry sued Judge Van Allsburg in this Court on January 4, 2016, alleging that the state court judge violated a number of his constitutional rights when adjudicating two custody hearings. Berry alleged that Judge Van Allsburg aided and abetted the violation of his rights, which broke Judge Van Allsburg's oath to uphold the constitution, and therefore was an act of treason. The case was assigned to District Judge Ludington, who referred the matter to Magistrate Judge Patricia T. Morris on January 7, 2016 for determination of matters related to Berry's application to proceed *in forma pauperis*.

According to 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Morris was obliged to screen the case for merit. After doing so, she recommended that the complaint be dismissed because Judge Van Allsburg was acting in his judicial capacity in the underlying state case and therefore was protected by judicial immunity. Rather than waiting for Judge Ludington to issue his final order on the matter, Berry filed a notice of appeal and six additional complaints in the Eastern District of Michigan, two of which were against Judge Morris. Berry alleged that Judge Morris, like Judge Van Allsburg, was guilty of an act of treason. Judge Ludington reviewed Berry's complaint against Judge Morris and concluded that because Judge Morris was acting in her judicial capacity she was protected from suit by judicial immunity.

Predictably, Berry then sued Judge Ludington in the present case, alleging that the previous dismissals denied him of his day in court against the judge who violated his constitutional rights. Berry alleges that Judge Ludington aided and abetted the violation of his rights, and therefore Judge

Ludington violated his oath to uphold the Constitution and committed an act of treason. Berry is seeking money damages. As mentioned, earlier, he also asks that fees and costs be waived because he cannot afford them.

II.

Congress enacted the federal *in forma pauperis* statute to "'guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948)). At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Ibid.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Berry's claims are indisputably meritless because he is seeking relief from a defendant who is immune from suit. "[A] judge is immune from a suit for money damages." *Mireles v. Waco*, 502

-3-

U.S. 9, 9 (1991) (citing cases).  Over a century ago, the Supreme Court declared "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 80 U.S. (13 Wall.) at 347.  The Supreme Court has explained that "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  The reason for this immunity is not so much for the benefit of the judge — corrupt or not — "'but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Ibid.* (citing *Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868)).

There are exceptions to this rule, neither of which applies here: "(1) where the judge acts in a non-judicial capacity; and (2) where the judge acts 'in the complete absence of all jurisdiction.'" *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (quoting *Mireles*, 502 U.S. at 9).  "The Supreme Court has endorsed a functional approach in determining whether an official is entitled to absolute immunity." *Collyer v. Darling,* 98 F.3d 211, 221 (6th Cir. 1996) (citation and quotation marks omitted).  "Whether an action is judicial depends on the nature and function of the act, not the act itself." *Dixon v. Clem,* 492 F.3d 665, 674 (6th Cir. 2007).

There is no question that Judge Ludington was acting in his judicial capacity when he dismissed Berry's complaint.  The act of considering the merits of a complaint is "a function normally performed by a judge, and to the expectations of the parties." *Mireles*, 502 U.S. 9, 12 (1991).  Berry does not argue that the second exception to judicial immunity applies or that Judge Ludington acted "in the complete absence of all jurisdiction," nor could he.  *See Mann*, 22 F.3d at 103-04.  Berry invoked the jurisdiction of the United States District Court based on his allegation

-4-

that his claim arose under the  United States Constitution.  *See* 28 U.S.C. §1331(a) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Judge Ludington plainly had jurisdiction to adjudicate the merits of Berry's claim.

Finally, Berry's argument that judicial immunity is a "fiction" does not withstand even the most cursory of analyses.  The doctrine was formally recognized by the Supreme Court in 1872 and regularly reaffirmed whenever the Court has had occasion to address and refine it.  *See, e.g., Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980); *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  *Pierson*,  386 U.S. at 553–54.  If Berry is dissatisfied with the determination of a judge, his course of action must be to appeal the decision, not to sue the judge who made it.

III.

Because Judge Ludington is entitled to judicial immunity, Berry's complaint fails to state any plausible claim for relief, and it is frivolous because it seeks relief from a defendant who is immune from suit.  *Mireles,* 502 U.S. at 11 ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  Therefore, the complaint will be dismissed on the Court's own motion, based on the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is **ORDERED** that the plaintiff's motion to proceed *in forma pauperis* is

**DENIED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 24, 2016


> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 24, 2016.
>
> s/Susan K. Pinkowski
> SUSAN K. PINKOWSKI